-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JAMES BENJAMIN,

        Plaintiff,

        -v-

SUPERINTENDENT OF COLLINS CORR. FAC.,
*Incorporating, embodying and representing a
cabal of Jim Crow Jr.*,

        Defendants.

───────────────────────────────

**DECISION and ORDER**
10-CV-6675Fe



## **INTRODUCTION**

Plaintiff, James Benjamin, then an inmate of the Collins Correctional Facility, filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983 (Docket No. 1). Plaintiff claims that the defendant, the Superintendent of Collins Correctional Facility, "representing a cabal of Jim Crow, Jr.," violated plaintiff's rights when he "approv[ed] ... the distortion of the Time Allowance Committee (TAC) at Gouverneur Correctional Facility" (Complaint, insert page two of seven), ..."reviewed and approved hastening [his] demise via impromptu - Policies – such Policies discontinued effective medical prescriptions for controlling [his] diabetes and etc., and ...implicitly rewarded a Stockholm-Syndrome-inmate's and a bigotted (sic)-staff-person's spitting in [his] face and screaming a disparaging and abusive racial name" (Complaint, insert page three of seven). Plaintiff "challenges [his] confinement." (Complaint, insert page one of seven.)

By Order dated February 14, 2011, the Court dismissed plaintiff's claims related to the calculation of his sentence because they were barred by the principles of *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), and allowed amendment of claims related to denial of medical care and racial harassment (Docket # 4).

In the meantime, Plaintiff was released from incarceration, having reached his maximum expiration date on February 3, 2011. Although plaintiff promptly notified the Court of his new address, that information was not timely received by the Clerk of Court and the Court's Order was mistakenly sent to plaintiff's prior correctional facility address. Thereafter, the Court's Order was successfully sent to plaintiff's new address on March 3, 2011. Plaintiff responded on March 7, 2011, with an amended complaint that repleads the claims related to the time allowance committee on the basis that habeas corpus is not an effective remedy. He is no longer in custody. Plaintiff's excessive force and harassment claims have not been amended.

## DISCUSSION

Plaintiff's amended complaint could also be considered a request for reconsideration under Federal Rule of Civil Procedure 54(b) or a supplemental complaint, based on the facts having changed since the filing of his original complaint. Given that the Court directed plaintiff to amend his complaint, he cannot be faulted for filing an "amended complaint." However, the Court's proscription from re-filing the claims challenging determinations regarding his confinement is no longer apposite for the reasons discussed below, plaintiff's submission is appropriate, and the Court deems it a supplemental complaint.

2

Plaintiff's claims challenging his confinement and alleging denial of due process under the Fourteenth Amendment were subject to dismissal without prejudice on the basis that, while in custody, his "sole federal remedy [was] a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because plaintiff has now been released from custody after completing his sentence, the habeas corpus remedy is no longer available to him. *Heck v. Humphrey* is, therefore, no longer a bar to his claim under 42 U.S.C. § 1983.

Plaintiff also asserts that the Court has misperceived his claim as a challenge to his time calculation. Plaintiff's claim appears to be that in 2003 the Time Allowance Committee withheld good time without either a Tier III finding of wrongdoing, misconduct or misbehavior, and abrogated his due process and equal protection rights in disregard of a Certificate of Earned Eligibility issued in 1996. He also asserts that such violation of his constitutional rights was "reviewed, approved, evaluated, ratified and rubber-stamped" by the Superintendents in every facility in which he was confined thereafter.[1] The Court does not, at this time, express an opinion as to whether plaintiff may maintain a claim with regard to the 2003 Time Allowance Committee decision itself, which may be outside of the three-year statute of limitations under 42 U.S.C. § 1983. However, there is no obvious bar to his bringing a claim against any Superintendent who was apprised of the alleged constitutional violation and failed to review the situation to determine if plaintiff was indeed entitled to release. Plaintiff does not name any superintendent, nor assert whether or how

---

[1] The Court notes that plaintiff has previously brought petitions for habeas corpus relief in the Northern District of New York, based on allegations that his sentence time was not properly calculated in 2003. His first habeas petition was dismissed for failure to exhaust administrative remedies, a jurisdictional requirement for a habeas petition that it not bear the same relationship to an action under § 1983.

3

he brought this to their attention, in his supplemental complaint. Plaintiff may amend his complaint to state the names of those defendants who were personally involved in the deprivation he complains of, and how they were personally involved.[2] If plaintiff names a supervisory defendant, he must explain how the individual was personally involved in the deprivation.

## CONCLUSION

For the reasons set forth above, plaintiff may amend his complaint as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants

---

[2] Plaintiff is cautioned that he may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38, 56 L. Ed.2d 611 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Undeniably, where a supervisory employee knows or reasonably should know of the existence of facts revealing a constitutional deprivation and, by virtue of his or her failure to properly investigate and remediate the matter, perpetuates or fails to prevent additional constitutional violations despite authority to do so, that defendant may face liability under section 1983. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995); *see also Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir.1989) (indicating that supervisory liability was proper where "an official has actual or constructive notice of unconstitutional practices" by his or her subordinates "and demonstrates gross negligence or deliberate indifference by failing to act"). However, the mere failure to investigate an allegation of unconstitutional activity, without more, does not provide a basis for finding liability under section 1983. *Wingate v. Horn*, No. 05-Civ.2001, 2007 WL 30100, at *6 (S.D.N.Y. Jan. 4, 2007) (citing cases); *Toole v. Connell*, 2008 WL 4186334 (N.D.N.Y. 2008).

against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action that the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff is granted leave to file an amended complaint as directed above by **September 9, 2011**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **September 9, 2011**, the remaining claims shall be dismissed with prejudice without further order of the Court;

FURTHER, that if plaintiff has not filed an amended complaint by **September 9, 2011**, the Clerk of the Court is directed to close this case as dismissed with prejudice; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the

Court of Appeals as a poor person is denied. Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: August 4, 2011
Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court